UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TONY L. MUTSCHLER,     :
           :
   Plaintiff,     :
           :
  v.         : CIVIL NO. 3:CV-14-1611
           :
BRENDA L.  TRITT, et al.,    : (Judge Kosik)
           :
   Defendants.    :

## **MEMORANDUM**

Plaintiff Tony L. Mutschler, an inmate confined at the State Correctional

Institution at Frackville ("SCI-Frackville"), Pennsylvania, filed this civil rights action

pursuant to 42 U.S.C. § 1983. The standing Complaint in this matter consists of

Documents 1 and 9.  Named as Defendants are the following SCI-Frackville

employees: Brenda L. Tritt, Facility Manager; A. Kovalchik, Department

Superintendent; Sharon Luquis, Hearing Examiner; and Correctional Officers

Alsheski and Lynch.  Also named as Defendants are John Wetzel, Secretary of the

Pennsylvania Department of Corrections, and Robin Lewis, DOC Chief Hearing

Examiner.  (Docs. 1 and 9, Compl.)  Plaintiff alleges the denial of procedural due

process during the course of a misconduct hearing, and believes this impacted a

decision to deny his release on parole.   The Court will now address several motions

pending on the docket, as well as a "Supplemental Complaint" filed by Plaintiff.

## I.    Background

On August 18, 2014, Plaintiff filed a Complaint, alleging that Defendants Tritt, Kovalchik and Luquis violated his due process rights with respect to a misconduct that had been issued against him.  (Doc. 1, Compl. at 2.)  He claims that on April 8, 2014, Luquis denied him witnesses and the opportunity to present evidence during his misconduct hearing.  As such, Luquis's decision was based on an incomplete record.  Plaintiff alleges that he was suppose to be paroled in April of 2014, but that parole never occurred due to the misconduct.  He believes that if he was not found guilty of the misconduct, he would be out of prison.  Plaintiff further appears to hold Kovalchik and Tritt responsible for the violation of his due process rights with respect to his appeals from the misconduct hearing.  As relief, he requests to be either: (1) reinstated to parole status with an immediate parole hearing, and to receive the sum of $500.00 plus the costs associated with this lawsuit; (2) placed on the waiting list for a bed at a halfway house or mental health placement in Danville State Hospital, and to receive $200 plus costs; or (3) paroled to Danville State Hospital for treatment and then released to a home plan, and to receive the amount of $250.00 plus costs.  (Id. at 3.)

Prior to service of the Complaint, Plaintiff submitted an amendment to his Complaint (Doc. 9) wherein he sought to add additional defendants in this action.  In it, he asserts that Defendants Alsheski and Lynch deprived him of due process and

retaliated against him when they issued the false misconduct report against him. (Doc. 9 at 2.)  Plaintiff further alleges that he was deprived due process when he was not given access to videotapes that would prove that Defendants where lying and that he was innocent.  (Id.)  He claims this happened to another inmate and therefore there is a pattern of due process violations occurring at the prison.  Plaintiff states he plans to file a separate suit raising his retaliation claim.  (Id.)

Plaintiff lists Defendants Wetzel and Lewis in the caption of his amendment. Lewis is never again mentioned in the body of the Complaint.  Wetzel is only mentioned to the extent that Plaintiff states he is the head of the DOC and is legally responsible for the overall operations of each institution within the DOC.  (Id. at 2.) As relief, Plaintiff seeks declaratory, injunctive, compensatory and punitive relief.

On October 22, 2014, the Court construed the standing Complaint in this matter to consist of Documents 1 and 9.  Service of the Complaint was also directed on the Defendants named therein.  (Doc. 10.)  On October 29, 2014, Plaintiff filed a document entitled "Petition in Supplement Complaint."  (Doc. 14.)

On January 2, 2015, Defendants filed a motion to dismiss Plaintiff's Complaint.  (Doc. 21.)  The motion is fully briefed.[1]  Thereafter, Plaintiff filed a motion seeking the appointment of counsel (Doc. 26) and a motion for discovery

---

[1] Plaintiff's opposition to the motion to dismiss is construed to consist of Documents 23, 24 and 28.

(Doc. 27).  Defendants have filed a motion to stay discovery, pending the resolution of their motion to dismiss.  (Doc. 29.)

## II.     Discussion

### A.     Motion for counsel

In support of his request for counsel in this matter, Plaintiff states as follows: (1) he only has $10.00 per month to spend on his case; (2) he is also currently litigating another civil action and a criminal matter; (3) he is selling his food to other inmates to pay for the costs of his lawsuits, and therefore is not receiving adequate nutrition; and (4) the issues involved in this action are complex and causing him mental strain.  (Doc. 26.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v.

Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the Court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1.  The plaintiff's ability to present his or her own case;

2.  The difficulty of the particular legal issues;

3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4.  The plaintiff's capacity to retain counsel on his or her own behalf;

5.  The extent to which a case is likely to turn on credibility determinations; and

6.  Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

In his motion, Plaintiff fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time.  Tabron, 6 F.3d at 155-56.  The pleadings submitted by Plaintiff so far are clearly written and the legal issues presented are not complex.  Plaintiff does not argue that he has no access to the law

library, and the docket demonstrates he has no difficultly preparing and filing documents with the court. While it may be more difficult for Plaintiff to litigate this case because he is also busy litigating two other actions, the filing of this action was his choice and he is responsible for prosecuting the case.

To the extent Plaintiff alleges that he lacks "adequate nutrition," this also is his own doing in that he admits that he sells food that he is provided. Moreover, it does not appear from the docket that Plaintiff is experiencing any difficulty in preparing and filing documents due to the lack of nutrition or for any other reason. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case without the assistance of counsel. This court's liberal construction of *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied without prejudice.

### B.    Supplemental Complaint

Following the filing of the original complaint, and prior to service of the Complaint, Plaintiff filed an amendment to his Complaint, that the Court accepted. In directing service on October 22, 2014, the court construed the standing Complaint in this action to consist of the original Complaint and the amendment thereto. (Docs. 1, 9.)

On October 29, 2014, Plaintiff filed a document that it appears he wished to serve as a supplement to the standing Complaint.  (Doc. 14.)  In reviewing this document, he seeks to add three new defendants and asserts claims unrelated to those set forth in the standing Complaint.  Specifically, he seeks to set forth inadequate medical care claims against the proposed new defendants.

The Supplemental Complaint will be rejected for the following reasons. Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, a party may be permitted to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  See Fed. R. Civ. P. 15(d).  Supplemental complaints are not barred merely because they set forth new claims.  However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth, and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified."  Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971).  A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.  See Yates v. Painter, Civ. No. 3:CV-05-1723, 2009 WL 1321553, *2 (M.D. Pa. May 12, 2009).  Moreover, the decision as to whether to permit the filing of a supplemental complaint is within the sound discretion of the trial court.  Nottingham v. Peoria, 709 F.Supp. 543, 544 (M.D. Pa. 1988).

Plaintiff's proposed Supplemental Complaint contains new claims unrelated to the claims set forth in the standing Complaint.  In addition, said claims are asserted against three new individuals not named as defendants in this action.  For these reasons, the filing of the supplemental complaint will not be permitted, and the Clerk of Court will be directed to strike said document from the record.

## C.   Discovery motions

Plaintiff has filed a discovery request with the Court that is directed to Defendants.  (Doc. 27.)  It appears that Plaintiff also served the request upon counsel for Defendants.  Pursuant to Local Rule 5.4 of the Middle District of Pennsylvania, discovery requests in *pro se* cases are not to be filed with the court, but rather only served upon opposing counsel,   unless otherwise authorized.  M.D. Pa. L.R. 5.4.  As such, the Clerk of Court will be directed to strike this document from the record.

Defendants have filed a motion seeking to stay all discovery in this case pending the court's resolution of their outstanding motion to dismiss the complaint. (Doc. 29.)  A brief in support thereof has also been submitted.  (Doc. 30.)  Plaintiff has not filed any opposition to the motion.

In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.  See Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1954, 173 L.Ed.2d 868 (2009)("Because respondent's complaint is deficient under Rule 8, he is not entitled

to discovery."); <u>Mann v. Brenner</u>, 375 F. App'x 232, 239 (3d Cir. 2010)(finding that a motion to dismiss based on failure to state a claim for relief should be resolved before discovery begins).

The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court.  <u>See</u>, <u>e.g.</u>, <u>Coastal States Gas Corp. v. Dep't of Energy</u>, 84 F.R.D. 278, 282 (D.Del. 1979); <u>In re Orthopedic Bone Screw Prod. Liab. Lit.</u>, 264 F.3d 344, 365 (3d Cir. 2001).  A stay of discovery is not appropriate solely because a motion to dismiss is pending.  <u>19th St. Baptist Church v. St. Peters Episcopal Church</u>, 190 F.R.D. 345, 349 (E.D. Pa. 2000).  But a stay can be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay."  <u>Id</u>. (quoting <u>Weisman v. Mediq, Inc.</u>, No. 95-1831, 1995 WL 2736678 at *2 (E.D. Pa. 1995)).

In the instant case, Defendants seek a stay of discovery arguing that if the Court rules favorably on their motion to dismiss, Plaintiff's discovery requests would become moot.  Defendants further argue that should any claims survive their motion to dismiss, they will timely provide appropriate responses to the discovery requests, thereby eliminating any prejudice to Plaintiff.

In reviewing the pending motion to dismiss, Defendants argue that Plaintiff fails to allege personal involvement with respect to Defendants Tritt, Kovalchik,

Wetzel and Lewis.  Other arguments include Plaintiff's failure to state claims of

retaliation, the violation of due process and the violation of the Eighth Amendment.

(Doc. 22.)

The Court agrees that a favorable ruling on all or some of the above arguments

could eliminate or significantly reduce the need for discovery in this action.  As such,

Defendants' motion to stay will be granted.  A separate Memorandum addressing

Defendants' motion to dismiss will be issued in due course.  An appropriate order

follows.