# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY MUTSCHLER, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL NO. 3:14-CV-1611 |
| BRENDA TRITT, ET AL., | : | (Judge Brann) |
| Defendant. | : | |

## ORDER

MAY 16, 2017

**Background**

Tony Mutschler an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. This matter was initially assigned to the Honorable Edwin M. Kosik of this Court.[1] By Order dated October 22, 2014, Judge Kosik ruled that the standing complaint in this action consists of Documents 1 and 9. See Doc. 10.

Named as Defendants are Secretary John Wetzel and Chief Hearing Examiner Robin Lewis of the Pennsylvania Department of Corrections (DOC).

---

[1] Judge Kosik recently assumed inactive status on February 10, 2017 and this matter was re-assigned to the undersigned.

The Plaintiff was also proceeding against the following SCI-Frackville employees: Facility Manager Brenda Tritt; Superintendent A. Kovalchik; Hearing Examiner Sharon Luquis; and Correctional Officers Alsheski and Lynch.

Mutschler initially alleged that his due process rights were violated during an April 8, 2014 disciplinary hearing because he was denied the right to call witnesses and present evidence. He also asserted that there were incomplete records and an incomplete investigation. Furthermore, Plaintiff generally maintained that if not for the misconduct, he would have been eligible for parole. Additionally, a supplement (Doc. 9), Plaintiff claimed that he had been subjected to retaliation and falsification of documents.

Defendants responded to Plaintiff's action by filing a motion to dismiss for failure to state a claim upon which relief could be granted. By Memorandum and Order dated July 17, 2015, Judge Kosik granted the motion to dismiss.

Plaintiff appealed Judge Kosik's decision to the United States Court of Appeals for the Third Circuit. In an Opinion dated April 13, 2017, the Third Circuit, although agreeing with the determination by Judge Kosik that the complaint was inadequate, vacated the July 17, 2015 Memorandum and Order and remanded the matter with instructions to allow Plaintiff an opportunity to amend his complaint. See Doc. 42-2.

In accordance with the Third Circuit's directive, Plaintiff will be granted an opportunity to file an amended complaint stating each claim he wishes to pursue in a clear and concise manner; to identify all defendant[s]; and to specify the relief he is seeking. See Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988). Mutschler's amended complaint is limited to those defendants and claims set forth in the original complaint. The amended complaint should address the issues outlined by the Third Circuit's April 13, 2017 Opinion as well as the concerns set forth in Judge Kosik's July 17, 2015 Memorandum and Order.

Mutschler is reminded that in order to state a viable § 1983 civil rights claim he must make a showing that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived him of a right, privilege, or immunity secured by the United States Constitution or by a statute of the United States. See Cohen v. City of Philadelphia, 736 F.2d 81, 83. A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989). This is regularly referenced as the personal involvement requirement.

Finally, Mutschler is reminded that his amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint previously filed. The amended complaint should set forth the claims in short, concise and legible statements. It should specify which actions are alleged as to which Defendants.

**IT IS HEREBY ORDERED** that:

1. The Clerk of Court is directed to reopen this matter.

2. Within twenty-one (21) days of the date of this Order, Plaintiff may file and serve an amended complaint adhering to the standards set forth herein.[2]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[2] Attached to this Order is a form civil rights complaint which this Court routinely provides to pro se litigants.